Good morning. Good morning, sir. Petitioner here is appealing the board's decision in regards to her asylum and withholding a cat relief petition. The board held that respondent that petitioner did not establish at her merits hearing that she suffered harm, that she did not establish that her harm, if it had been established, was on account of a particular acquiescence or consent to the harm. Or unwillingness, or that the government was unable or unwilling, right? Correct. And your brief doesn't challenge that conclusion? That third one? Not specifically here because it had been addressed before the board. Well, so what? You didn't challenge the board's conclusion here? Not specifically in our opening brief, Your Honor. Correct. Well, there's no other brief, is there? No. So what are we supposed to do with it then? I mean, there's an unchallenged dispositive finding. Isn't that the end of the case? We don't believe so, Your Honor. It's our position that once we establish the failure of the board with regards to the harm and the particular social group, that this matter should be remanded for addressing those issues. What's the point if there's a dispositive issue that remains unchallenged? It's not that it's unchallenged, Your Honor. It's our position that it goes without saying that based on the record that Petitioner contested the finding that she did not establish that the government was unwilling or unable to control the gangs in El Salvador. Well, so what is the evidence that you're pointing to there? It hasn't been raised in the opening brief, but let's just set that aside for the moment. What's the actual evidence you're pointing to to support that point? Her testimony, which was found credible at the merits hearing, that she had repeatedly seen collusion or at the very least non-activity by the gangs or a quasi-government entity, as her BIA appeal established. Furthermore, she talked about specific instances where she saw people known to have committed a crime and end up on the streets, as well as news reports that she has seen, and then the country conditions that her family has suffered. Go ahead. Thank you. First of all, with regards to the harm suffered, the board upheld the immigration judge's finding that she actually hadn't, that Petitioner hadn't been harmed in a particular way. That just defies all logic. Here she was given death threats with notes, both at her place of business and at a place that she tried to take refuge in long after the initial moment where she was seen by the suspected murderers. And then they attempted to kidnap her on the street. In California, moving somebody against their will is considered kidnapping. That's harm. That's a felony, and how that could be perceived as no harm just doesn't make sense. The threats alone, as the Ninth Circuit has established countless times, the threats alone can be enough to satisfy the persecution requirement for asylum. Moving on, once the particular social group here, the main issue of our appeal here is that the board upheld the immigration judge's position that Petitioner never established herself as a member of a particular social group, namely because the analysis was done from a perspective of the general public, and the case law that we're citing stands for the proposition that the perception of the persecutors is what should be dispositive here. I thought that's exactly wrong. I thought that the case law is that the particular social group is in the perception of the society as a whole. It's our position that that is one way to view it, for the clean-cut, easy particular social groups, people who are, for example, at risk for female genital mutilation, sexual orientation, and the like. But in the case of Enrique Rivas V. Holder, to quote, in the context of persecution, we believe that the perception of the persecutors may matter most. The petitioner is persecuted precisely because the persecutor recognizes the object of his persecution. Here, the cartel, the gangs there, were targeting Petitioner specifically because who they perceived her to be. They left the crime scene that ended up having a murder take place at 6 a.m. in the morning. They see Petitioner. They perceive her to be a witness to what just occurred. That's what matters. That's how they will always see her. That is something she can never erase from her being. That's an immutable characteristic that the persecutors see. They will not stop thinking of her in that regard. And so, wherever she went afterwards, they continue to pursue her that way. Opposing counsel may argue that she remained in the country three months without being harmed. The fact that these persecutors are not the ideal hitmen or cannot clean up any risk that they have in the future is not something that's going to be dispositive here in terms of the harm that they present to her. Nor is it dispositive of the fact that she is the threat. She will always continue to be the threat to her. And she established that the government had routinely not done anything to help in similar cases. And so, she felt she was at risk, and that's why she had to leave. Would you like to save some time for rebuttal, Mr. Perez? Yes, Your Honor. Thank you. Thank you, Mr. Perez. Ms. Melnick, good morning. Good morning. May it please the Court, Karen Melnick on behalf of the United States. The agency found, among other things, that the Salvadoran government is not unwilling or unable to protect Petitioner if she returns to El Salvador. Well, that was a slightly bizarre finding, actually, because it says that the BIA says, to the extent that the IJ was finding that, they were affirming it. It wasn't really particularly clear that the IJ was finding that. The IJ was discussing that question, the contradiction between the notion that she couldn't report it to the police and the notion that she was threatened not to go to the police. But it wasn't directly in the context of unable or unwilling, was it? I don't think the IJ ever said anything about unable or unwilling. The IJ may not have used those exact words, Your Honor. That's correct. But the Board made the finding, that legal finding, from the facts seduced in the case based on the IJ's findings that this contradiction occurred with respect to, you know, you have the perpetrators allegedly threatening her if she reports, yet, you know, they're allegedly, you know, in cahoots. But the evidence here is that the police reported to the scene and were investigating. There's no evidence, there's no affirmative evidence that, other than Petitioner's, you know, general observations about police in general, but nothing with respect to this particular case. And while there's no explicit reporting requirement for unable and unwilling, it does... I thought the respondent never reported anything to the police. Well, exactly. I mean, and that's... How could the police have been investigating? You mean they were investigating the murder, but not that they were investigating her threats? Well, precisely. I mean, she never reported the threats and she indicated that she never had any intention of doing so. So, with respect to the Board's finding of unwilling, unable, and frankly, Your Honors, Petitioner waived, although there's a heading for past persecution, all the argument that counsel made today doesn't appear in the brief. Well, there's a paragraph. That's probably good enough. Well, there's one sentence, and no case law with respect to threats and rises to the level. Those words don't appear in counsel's brief. Well-founded fear, convention against torture, and the government did not waive this waiver, and counsel did not file a reply brief challenging the government's waiver arguments. So, the government submits that the court can stop right there and deny the petition for review based on waiver alone. Now, with respect to counsel's arguments or petitioner's arguments about members of a social group, you'll notice that the social group changed in the opening brief to Salvadoran women who are witnesses to social groups, or witnesses to murder. And it's quite telling that, you know, as a social group changes over time from the case up to the Court of Appeals, that it indicates there was a deficiency with respect to that original social group. And we would submit that that's the case here, that she is not a member of this group. The group that this court has found to be considered a group is one where a witness puts themselves apart from every other witness or, frankly, victim. If you think about it, extrapolate it, every victim of a crime is also a witness to a crime. Is the issue here the cognizability of this social group or just whether she's a member of it? No, that's correct, Your Honor. The issue is whether or not she's a member, and we would submit that she's not. We may have the same question. Why is she not a member of this group? Even though she may not have witnessed the moment of the murder, she certainly seems to have been in the area at the right time. Right, but that could be said of every witness of every victim. I mean, there has to be... Well, not necessarily ones who receive a threatening note shortly thereafter. Yes, Your Honor, but she didn't do the things that this court has articulated that make someone a member of that group. That's very hard. I don't understand what you're saying. The part of the IJ opinion affirmed by the BIA which says that she wasn't a witness because she didn't see the murder, she only saw the murderers come out of the murder, is something of a non-persuasive point, it seems to me. Well, Your Honor, be that as it may, we would submit that she can't be a member of a group... Well, right, I mean... I mean, she certainly, if this were a murder trial, she could have been put on the stand and she could have explained what she saw, which was relevant to a murder, so it's hard to see how she's not in some sense a witness to a murder. That doesn't necessarily answer the result in the whole case, but on that particular point, I share Judge Berzon's concerns. Perhaps, Your Honor, but again, with respect to this petition for review, you know, with this particular petition, the point is moot because the petitioner failed to challenge the other dispositive findings in this case. Essentially, all the other dispositive findings. The government did not waive that and the petitioner did not challenge that in a reply brief, and this Court's case law has decided petitions for review and dispositive claims based on that, and we would urge the Court to do the same here. Which issue are you saying was dispositive? Unwilling and unable, we would submit... Really, I'm rereading the rather opaque I.J. opinion at this point, and I do wonder whether they have an obligation to contest what was really a conditional determination by the BIA. It said, if, to the extent that the I.J. found this, but they didn't say the I.J. did find it, and it's not at all clear he did. Well, we would suggest that he did, and even if Your Honor feels that it wasn't made, we would urge... It would be futile to remand this case in any event, because I would correct counsel with respect to the note, because there's only one, not two. One note, the day the event happened, and then the event on the street. That second note that counsel referred to, petitioner explicitly testified that that was respect to some extortion, but she also didn't report, that was happening with respect to a different gang altogether, and had nothing to do with this case. So, you're talking about past persecution, which counsel did not argue. He doesn't mention the words rises to the level, or in his brief at all. So, to send it back for that would be futile, because they've already found no past persecution. They've already found no well-founded fear, which is also not challenged. So, as Your Honor first said when it addressed counsel, there really is nothing here for the court to do besides deny the petition based on waiver. I expected him to say that there wasn't such a finding, which he didn't say, but I actually don't think there necessarily was such a finding. Well, there was certainly a finding of no past persecution and no well-founded fear, Your Honor, and that discussion doesn't appear in counsel's brief either. So, even if Your Honor finds that the unwilling, unenable is not explicit enough, although the board made the explicit finding, used those exact words. Well, it conditionally affirmed the finding if there was such a finding. Well, be that as it may, counsel was on notice that the finding was made with respect to the board and could have addressed it and did not. And again, as I've said, and I know I'm repeating myself here, but I believe there's other issues that were waived as well, dispositive ones, and remanding this case for substantive reasons would be futile for that reason. Thank you. I see my time is ending. Thank you, Ms. Milnick. Mr. Perez, rebuttal? Yes, Your Honor. With respect to the futility of remanding this, that is something that we would have to contest because, in essence, we would have to accept the notion that a threat with a note and an attempted kidnapping failed to establish harm, harm that rose to the level of persecution. I don't understand how, in any practical, common-sense understanding, that could be the conclusion. Well, you had the opportunity to spell this out in the opening brief. It's not a new issue. It's possible you've preserved this, but the extent of the argument that you've offered us in the briefing is fairly limited. Understood, Your Honor. And with respect to our response to the government alleging that we have waived the issue, simply because the government has responded or applied for a brief, I'm not aware of any requirement that we address any issue in a brief. That is the point of oral arguments here is to bring up these issues. And with regards to waiving— You do have to raise the argument in the brief. Otherwise, you waive it. Understood, Your Honor. Frankly, your brief is extremely inadequate. It doesn't say much. I'm sorry that Your Honor feels that way. This issue right here, we believe, is sufficiently clear and basic that, again, we wanted to remand this for the specific issue of harm established in a particular social group. That was the main issue because we felt that the other issue was not even decided at the trial court level. Thank you, Mr. Perez. Unless there are further questions for you, we'll conclude this argument. I want to say thank you to both counsel for the helpful briefing and argument, and this matter is submitted.
judges: BERZON, RAWLINSON, BRESS